# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL MCCOOL and <br> DEIDRE DRINKARD, <br><br> Plaintiffs, <br><br> vs. <br><br> AUSTAL USA, LLC, <br><br> Defendant. | : <br> : <br> : <br> :     CA 22-00170-KD-MU <br> : <br> : <br> : |

## **REPORT AND RECOMMENDATION**

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S), on Plaintiffs' Complaint (Doc. 1-1, PageID. 9-16), the Defendant's motion to dismiss Counts II-V (Doc. 2), Plaintiffs' motion to remand (Doc. 9), and Austal's response to motion to remand and reply in support of motion to dismiss Counts II-V (Doc. 11). Based on the contents of these pleadings, the Magistrate Judge **RECOMMENDS** that Count II of Plaintiffs' Complaint (the sole federal claim) be **DISMISSED WITH PREJUDICE**, leaving only state law claims which should be **REMANDED** to the Circuit Court of Mobile County, Alabama, as this Court should **DECLINE**, in its discretion, to exercise supplemental jurisdiction over these state law claims.[1]

---

[1] Austal's motion to dismiss Count II of the Complaint with prejudice (Doc. 9, PageID. 25-26 & 32), should be **GRANTED** but its motion otherwise to dismiss Counts III-V with prejudice should be **DENIED** because this Court should decline to exercise supplemental jurisdiction over these state law claims (as well as Count I, another state law claim) and, instead, should remand these state law claims to the Mobile County Circuit Court. Plaintiffs' (Continued)

**PROCEDURAL BACKGROUND**

On February 25, 2022, Plaintiffs Michael McCool and Deidre Drinkard filed a five-count complaint against Defendant Austal USA, LLC,[2] in the Circuit Court of Mobile County, Alabama, arising out of Austal's June 12, 2020 termination of Plaintiff Michael McCool after the Defendant learned that McCool had a firearm (a pistol) in his truck. (*See* Doc. 1-1, PageID. 10-16). Plaintiff McCool asserted four claims: (1) a violation of Alabama Code § 13A-11-90—Count I (*id.,* PageID. 12); (2) a violation of the Second Amendment to the United States Constitution—Count II (*id.,* PageID. 13); (3) a violation of Article I, § 26 of the Alabama Constitution—Count III (*see id.,* PageID. 13-15); and (4) intentional infliction of emotional distress—Count IV (*id.,* PageID. 15). McCool's wife, Deidre Drinkard, asserted a claim for loss of consortium—Count V (*id.,* PageID. 15-16).

Austal timely removed the Plaintiffs' action to this Court on April 29, 2022, within thirty days of its receipt of service of the Complaint on March 31, 2022. (*See* Doc. 1, PageID. 2). As grounds for removal, Austal avers solely that this Court has original federal jurisdiction over Plaintiff McCool's Second Amendment claim (Count II) pursuant to 28 U.S.C. § 1331. (*Id.,* PageID. 2-3).

> The other bases for relief asserted by Plaintiffs under Alabama state law all arise out of the same set of facts and are part of the same case and controversy (i.e., Plaintiff McCool's alleged wrongful termination from Austal and the alleged loss of consortium Plaintiff Drinkard claims to

---

motion to remand (*see* Doc. 9), should be **MOOTED** because if offers no viable means of remand (*see id.*). Still though, as Austal has noted, a path to remand unrelated to Plaintiffs' motion exists in this case. See Doc. 11, PageID. 66 n.4 ("To the extent that the Court's decision as to Austal's Motion to Dismiss has an impact on the Court's inherent authority to remand the case (independent and distinct from the remand sought pursuant to Plaintiffs' motion), Austal addresses that impact below in Section C.").

[2] In their complaint, Plaintiffs described Defendant Austal as "a domestic limited liability company duly formed pursuant to the laws of the State of Alabama, located and doing business in Mobile County at all times pertinent to this action." (Doc. 1-1, PageID. 10).

have suffered as a result thereof) so that this Court has supplemental jurisdiction of them within the meaning of 28 U.S.C. Section 1367(a).

(*Id.,* PageID. 3).

Within a week of filing its notice of removal, Defendant Austal filed a motion to dismiss Counts II-V of Plaintiffs' Complaint, with prejudice, for failure to state a claim upon which relief can be granted. (*See* Doc. 2). Plaintiffs responded with a motion to remand (Doc. 9). On June 3, 2022, Austal filed its response to motion to remand and reply in support of motion to dismiss Counts II-V of Plaintiffs' Complaint. (Doc. 11). This matter is, therefore, ripe for a decision.

## CONCLUSIONS OF LAW

A. **Federal Jurisdiction and Removal**. "Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (citation omitted), *abrogated on other grounds as recognized in Overlook Gardens Properties, LLC v. ORIX USA, L.P.,* 927 F.3d 1194 (11th Cir. 2019); *see also Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir.) ("[R]emoval statutes should be construed narrowly, with doubts resolved against removal."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 277, 157 L.Ed.2d 140 (2003); *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court."); *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited

3

jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Moreover, the removing defendant must bear "the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen, supra*, 511 U.S. at 377, 114 S.Ct. at 1675 (internal citations omitted).

Generally speaking, a defendant like Austal may remove a case from state court to federal district court if the case is a civil action over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Original jurisdiction includes federal question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").[3] And "[w]hether a claim arises under federal law

---

[3] Original jurisdiction also includes diversity jurisdiction under 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"). *PTA-FLA, Inc. v. ZTE USA, Inc.,* 844 F.3d 1299, 1305 (11th Cir. 2016) (recognizing that federal district courts have original jurisdiction over diversity cases and, further, that "diversity jurisdiction is measured at the time the action is filed."). Here, however, Austal does not invoke diversity jurisdiction in its notice of removal (*see* Doc. 1) and for good reason, because it is a citizen of Alabama (*see* Doc. 1-1, PageID. 10 (averring that Austal "is a domestic limited liability company duly formed pursuant to the laws of the State of Alabama, located and doing business in Mobile County at all times pertinent to this action.")). *See Keshock v. Metabowerke GmbH,* 2015 WL 10458544, *5 (S.D. Ala. Sept. 25, (Continued)

for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, 'which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001), quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). "A well-pleaded complaint presents a federal question where it 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Smith*, 236 F.3d at 1292, quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28, 103 S. Ct. 2840, 2856, 77 L. Ed. 2d 420 (1983); *see also Cornelius v. U.S. Bank Nat'l Ass'n,* 452 Fed.Appx. 863, 865 (11th Cir. Nov. 29, 2011) (recognizing that under § 1331, "a federal court will have jurisdiction only when the plaintiff's cause of action is conferred by federal law or when there is some 'contested[, substantial] federal issue' and the exercise of jurisdiction is 'consistent with congressional judgment about the sound division of labor between state and federal courts . . . .' *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 313, 125 S.Ct. 2363, 162 l.Ed.2d 257 (2005).")).

    **1.**    **Brief Analysis.**  Here, despite Plaintiffs' argument in their motion to remand that Count II of the Complaint (alleging a violation of McCool's Second Amendment rights) was included in error (*see* Doc. 9, PageID. 53-58), such a claim was

---

2015) ("The only member of Defendant Austal USA, LLC, is Austal Holdings, Inc., which is an Alabama corporation with its principal place of business in Alabama. . . . Defendant Austal USA, LLC, [is a] citizen[] of Alabama."), *report and recommendation adopted,* 2016 WL 917947 (S.D. Ala. Mar. 9, 2016).

5

in fact included (*see* Doc. 1-1, PageID. 13 ("The Defendant's actions have infringed upon the Plaintiff's right to bear arms as set out in the second amendment to the U.S. Constitution[.] [] The Defendant knowingly terminated the Plaintiff's employment for exercising his right to bear arms. [] The Defendant intentionally terminated the Plaintiff's employment for exercising his right to bear arms.")) and it is apparent to the undersigned that Plaintiffs' properly-pled complaint on its face presents a federal question (namely, whether Plaintiff's Second Amendment rights were violated). Indeed, in their Complaint, Plaintiffs highlight (by underlining, using bold lettering, and all caps) that Count II is a claim for "**VIOLATION OF THE SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION**." (Doc. 1-1, PageID. 13). Accordingly, this Court can properly exercise subject-matter jurisdiction (that is, federal question jurisdiction) over this decidedly federal law claim, *see Baggett v. First Nat'l Bank of Gainesville,* 117 F.3d 1342, 1352 (11th Cir. 1997) ("The question whether subject matter jurisdiction exists is measured as of the time the Complaint was filed."), which remains part of Plaintiffs' complaint despite the contents of the motion to remand. That Plaintiffs have now realized that they can state no viable Second Amendment claim against Austal (*see* Doc. 9) simply cannot inform a finding by this Court that a Second Amendment claim (and, consequently, a federal question) does not appear on the face of Plaintiffs' properly-pled complaint filed in the Circuit Court of Mobile County, Alabama on February 25, 2022.

    **B.**    **Pleading Standard.** The sufficiency of a Plaintiff's claims to proceed beyond the pleading stage, and into discovery, is governed by the plausibility standard articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and further detailed in *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In *Twombly,* the United States Supreme Court expressly abrogated the *Conley v. Gibson,* 355 U.S. 41 (1957) "no set of facts" pleading standard, holding that test "has earned its retirement" and "is best forgotten." *Twombly*, 550 U.S. at 563, 127 S.Ct. at 1969; *Simpson v. Sanderson Farms, Inc.,* 744 F.3d 702, 714 (11th Cir. 2014) ("[T]he Supreme Court categorically retired [the no set of facts test] in *Twombly*.").

Post *Twombly,* "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. The Court made clear that to satisfy the requirements of Fed.R.Civ.P. 8(a) "something beyond the mere possibility [of an entitlement to relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people[.]" *Id.* at 557-58, 127 S.Ct. at 1966 (internal quotation marks omitted; citations omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia,* 687 F.3d 1244, 1254 (11th Cir. 2012) (citations omitted), *cert. denied,* 568 U.S. 1088, 133 S.Ct. 856, 184 L.Ed.2d 656 (2013).

The Court directed that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly,* 550 U.S. at 558, 127 S.Ct. at 1966 (internal quotations marks and ellipses omitted; citations

7

omitted). "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process[.]" *Id*. at 559, 127 S.Ct. at 1967. "[T]he threat of discovery expense will push cost-conscious defendants to settle even anemic cases…[;]it is only by taking care to require allegations that reach the level [of showing a plausible entitlement to relief] that we can hope to avoid the potentially enormous expense of discovery[.]" *Id.*

The Eleventh Circuit has likewise emphasized the importance of only allowing plausible claims to proceed beyond the pleading stage: "Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) together establish a notice-pleading standard that is applied, in a context-specific manner, with the recognition that the imposition of litigation costs must be justified at the threshold by the presence of factual allegations making relief under the governing law plausible, not merely speculative." *ABB Turbo Systems AG v. Turbousa, Inc.* 774 F.3d 979, 984 (11th Cir. 2014); *see Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 & 1367-68 (11th Cir. 1997) (recognizing that "[d]iscovery imposes several costs on the litigant from whom discovery is sought[]" and "discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes."); Fed.R.Civ.P. 1 (recognizing that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

In *Iqbal,* the Supreme Court gave additional definition to the Rule 8(a) analysis framed in *Twombly*. The Court explained that under *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (internal citations omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679, 129 S.Ct. at 1950. Courts do not "'accept as true a legal conclusion couched as a factual allegation[.]'" *Id.* at 678, 129 S.Ct. at 1950 (citation omitted); *see also id.* at 678, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[.]").

The *Iqbal* Court made clear that "[t]he pleading standard Rule 8 announces…demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678, 129 S.Ct. at 1949 (internal citations omitted). Consequently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679, 129 S.Ct. at 1950 (brackets and citation omitted). Therefore, dismissal of a factually insufficient complaint is required because "Rule 8…does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79, 129 S.Ct. at 1950.

In *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283 (11th Cir. 2010), the Eleventh Circuit Court of Appeals distilled the *Twombly/Iqbal* pleading standard into a

functional "two-prong approach" for the evaluation of the sufficiency of a plaintiff's pled allegations: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* at 1290 (citation omitted). The Eleventh Circuit also explained: "Importantly, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Id.* (citation omitted).

Dismissal is required when the factual averments in a complaint affirmatively foreclose the existence of a plausible entitlement to relief. *See, e.g., Villarreal v. R.J. Reynolds Tobacco Co.,* 839 F.3d 958, 971 (11th Cir. 2016) ("A plaintiff nonetheless can plead himself out of court by alleging facts that foreclose a finding of diligence or extraordinary circumstances, both of which are required for equitable tolling."), *cert. denied,* ___ U.S. ___, 137 S.Ct. 2292, 198 L.Ed.2d 724 (2017); *Best Canvas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618, 621 (11th Cir. 1983) ("[A] party is bound by the admissions in his pleadings."). "[A] plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 79 (7th Cir. 1992) (internal citations omitted).

1. **Analysis of Plaintiff McCool's Second Amendment Claim.** In their Complaint, specifically Count II, Plaintiffs allege that McCool's Second Amendment right to bear arms was abridged/infringed by Austal's knowing/intentional action in terminating McCool because of his possession of a firearm in his truck (manifesting his

10

exercise of his right to bear arms), which was parked on Austal's property. (*See* Doc. 1-1, PageID. 13). Plaintiffs' Complaint contains no allegations of state action (*see generally* Doc. 1-1, PageID. 9-16); instead, Plaintiffs effectively concede that Austal is a private actor in averring that Austal "is a domestic limited liability company duly formed pursuant to the laws of the State of Alabama, located and doing business in Mobile County at all times pertinent to this action." (*Id.*, PageID. 10).

It is well-settled that "the constitutional right to bear arms restricts the actions of only the federal or state *governments* or their political subdivisions, not private actors." *Florida Retail Federation, Inc. v. Attorney General of Florida,* 576 F.Supp.2d 1281, 1295 (N.D. Fla. 2008) (emphasis in original; citations omitted); *see also Roseman v. International Union,* 2020 WL 7268587, *18 (E.D. Mich. Apr. 21, 2020) (citing favorably to *Florida Retail Federation, supra,* for its rejection as "'radical and totally unprecedented' the argument that 'the right to bear arms operates against private property owners, at least as long as they are corporations,' and holding 'that the Bill of Rights and Declaration of Rights restrict only government, not private, action is too well settled for argument.'"), *report and recommendation adopted,* 2020 WL 6737546 (E.D. Mich. Nov. 17, 2020), *aff'd,* 2021 WL 4931959 (6th Cir. July 14, 2021), *cert. denied,* U.S. \_\_, 142 S.Ct. 761, 211 L.Ed.2d 477 (Jan. 10, 2022); *see Caetano v. Massachusetts,* 577 U.S. 411, 413, 136 S.Ct. 1027, 1028, 194 L.Ed.2d 99 (2016) (per curiam) ("It is settled that the Second Amendment protects an individual right to keep and bear arms that applies against both the Federal Government and the States.") (Alito, J. and Thomas, J., concurring). Stated somewhat differently, where no state or federal government action is involved, a Second Amendment claim cannot survive. *See*

*Bruley v. Village Green Management Co.,* 592 F.Supp.2d 1381, 1387-88 (M.D. Fla. 2008), *aff'd sub nom. Bruley v. LBK, LP,* 333 Fed.Appx. 491 (11th Cir. Sept. 22, 2009). Austal is a private corporation and a private actor. Austal's termination of McCool for possessing a firearm on its property constitutes a private action. Plaintiff McCool's Second Amendment claim cannot survive and is due to be **DISMISSED WITH PREJUDICE**.

      C.    <u>**The Court Should Decline to Exercise Supplemental Jurisdiction over Plaintiffs' State Law Claims**</u>. Given the undersigned's recommendation that Plaintiffs' sole federal claim be dismissed with prejudice, Plaintiffs are left with state-law claims (i.e., Alabama Code § 13A-11-90, Article I, § 26 of the Alabama Constitution, intentional infliction of emotional distress, and loss of consortium), and this Court must now determine whether it continues to have jurisdiction over this matter.

      Defendant Austal is an Alabama corporation, and Plaintiffs are Alabama residents/domiciled in Alabama (*see* Doc. 1-1, PageID. 9 (alleging that Michael McCool and Deidre Drinkard are residents of Baldwin County)). Diversity of the parties therefore does not exist. *Cornelius, supra,* 452 Fed.Appx. at 865 ( "Jurisdiction under 28 U.S.C. § 1332 based on the parties' diversity of citizenship 'requires complete diversity—every plaintiff must be diverse from every defendant.'"); *see also Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806). Thus, there is no basis for original federal jurisdiction over Plaintiffs' state law claims against Austal because those state law claims previously were before the Court properly as supplemental claims supported by Plaintiff McCool's federal question (Second Amendment) claim (*see* Doc. 1, PageID. 3). *See* 28 U.S.C. § 1367(a). "However, with the dismissal of Plaintiffs' federal claim, there

remains no independent original federal jurisdiction to support the Court's exercise of supplemental jurisdiction over the state claims against Defendant." *Baggett, supra,* 117 F.3d at 1352.

> The Court must now inquire into whether a jurisdictional basis exists to support Plaintiffs' state law claims in federal court. The Court's inquiry is twofold. First, the Court must decide whether it has the power to hear the state law claims. Second, if the Court does have the power to hear the state claims, the Court must decide whether, in its discretion, it will retain jurisdiction over the state claims.

*Id.,* citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 725-26, 86 S.Ct. 1130, 1138-39, 16 L.Ed.2d 218 (1966).

As recognized in *Baggett,* "[t]he question whether subject matter jurisdiction exists is measured as of the time the Complaint was filed." *Id.* (citation omitted). In this case, when Plaintiffs filed their Complaint in the Circuit Court of Mobile County, Alabama, Defendant Austal was an Alabama corporation and Plaintiffs were Alabama residents/domiciliaries. As well, when Plaintiffs filed their Complaint, Plaintiff McCool had a federal question claim against Austal and Plaintiffs' state law claims against Austal were a proper exercise of the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). "The dismissal of Plaintiffs' underlying federal question claim does not deprive the Court of supplemental jurisdiction over the remaining state law claims. . . . Indeed, under 28 U.S.C. § 1367(c), the Court has the discretion to decline to exercise supplemental jurisdiction over non-diverse state law claims, where the Court has dismissed all claims over which it had original jurisdiction but is not required to dismiss the case." *Baggett, supra,* 117 F.3d at 1352 (citations omitted). Accordingly, this Court has the power to exercise supplemental jurisdiction under § 1367(a) over Plaintiffs' state-law claims.

"As the Eleventh Circuit made clear in *Palmer,* once a court decides that it has power to exercise supplemental jurisdiction under § 1367(a), then the court should exercise that jurisdiction, unless § 1367(b) or (c) applies to limit the exercise." *Baggett, supra,* 117 F.3d at 1352. Here, as in *Baggett,* § 1367(c) applies because this Court "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c)(3), namely, the Second Amendment claim set forth in Count II. "While § 1367(c) permits a court to [decline to exercise supplemental jurisdiction over] any state law claims where the court has dismissed all the claims over which it had original jurisdiction, the court also can consider other factors. Where § 1367(c) applies, considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion to exercise supplemental jurisdiction." *Baggett, supra,* 117 F.3d at 1353 (citations omitted).

Comity weighs in favor of remand in this case because all of Plaintiffs' state law claims depend on determinations of state law and state courts, not federal courts, "should be the final arbiters of state law." *Baggett, supra,* 117 F.3d at 1353 (citation omitted).[4] Indeed, Count I of Plaintiffs' Complaint, which rests on Ala.Code § 13A-11-90, will likely present an issue of first impression, as the undersigned has not found any

---

[4] The undersigned is not convinced by Austal's forum manipulation argument (*see* Doc. 11, PageID. 7), given that the Plaintiffs have not sought to dismiss the Second Amendment claim in order to obtain a remand to state court, such that *Parker v. Exterior Restorations, Inc.,* 2022 WL 1239466, *1 & 6 (S.D. Ala. Apr. 27, 2022) ("This matter is before the Court on the plaintiffs' combined motion for leave to amend the complaint and motion to remand. . . . [D]ismissal of all federal claims for the sole purpose of obtaining a remand to state court constitutes forum manipulation . . . .") has no application; instead, the Second Amendment claim is being dismissed with prejudice by this Court on Austal's motion (Doc. 2) and it is that dismissal which has inextricably led this Court to the § 1367(c) analysis (*see* Doc. 11, PageID. 66 n.4).

reported cases addressing this section of the Alabama Code (or at least the current contents of this section); therefore, the state courts of Alabama should have the first "crack" at Ala.Code § 13A-11-90, not this or any other federal court. "When coupled with the Court's discretion to exercise supplemental jurisdiction under § 1367(c), this Court [should] find[] that the state law claims remaining in this action are best resolved by the [Alabama] courts." *Baggett, supra,* 117 F.3d at 1353. This is particularly true where, as here, the Court is dismissing Plaintiffs' federal law claim in the very early stages of litigation, even before the initiation of discovery (*see* Doc. 13 (suspending the time by which the parties must meet and file their Rule 26(f) report, on joint motion of the parties)). *See Baggett, supra* (citing cases). In short, "[n]otwithstanding the fact that all of Plaintiffs' claims arise under a 'common nucleus of operative facts,' *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 743 (11th Cir. 2006), because the [federal] claim is due to be dismissed, the court [should] conclude[] that it is unnecessary to continue to exercise jurisdiction over Plaintiffs' remaining state law claims." *Edwards v. Mashego,* 2020 WL 1847866, *8 (N.D. Ala. Apr. 13, 2020) (citations omitted); *see Gibson v. York,* 569 Fed.Appx. 810, 813 (11th Cir. June 23, 2014) (per curiam) ("[B]ecause her only federal claim was dismissed prior to trial, the district court was correct to decline to exercise supplemental jurisdiction over Gibson's state legal malpractice claims."); *Raney v. Allstate Ins. Co.,* 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

Because this case originated in state court, should the District Court agree with the undersigned's recommendation and decline to exercise supplemental jurisdiction

15

over Plaintiffs' state law claims, then those claims should not be dismissed but rather remanded to the Circuit Court of Mobile County, Alabama. *See Myers v. Central Florida Investments, Inc.,* 592 F.3d 1201, 1226 (11th Cir.) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction[.]"), *cert. denied,* 562 U.S. 890, 131 S.Ct. 299, 178 L.Ed.2d 143 *and cert. denied,* 562 U.S. 890, 131 S.Ct. 392, 178 L.Ed.2d 137 (2010); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida,* 402 F.3d 1092, 1123 (11th Cir. 2005) ("Because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [the] remaining claim should be remanded to state court.").[5]

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that the Defendant's motion to dismiss Counts II-V of Plaintiffs' Complaint (Doc. 2) be **GRANTED IN PART**,[6] that the sole federal claim set forth in Plaintiffs' Complaint (Plaintiff McCool's Second Amendment claim in Count II) be **DISMISSED WITH PREJUDICE,** that this Court **DECLINE** to exercise supplemental jurisdiction over the remaining state law claims (that is, Counts I and III-V of Plaintiffs' Complaint), and that Plaintiffs' remaining state law claims be **REMANDED** to the Circuit Court of Mobile County, Alabama.

## NOTICE OF RIGHT TO FILE OBJECTIONS

---

[5] The undersigned additionally **RECOMMENDS** that the parties' competing requests for an award of attorney's fees and costs be **DENIED.**

[6] Again, Plaintiffs' motion to remand (Doc. 9) should be **MOOTED**.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 16th day of August, 2022.

                s/P. Bradley Murray
                **UNITED STATES MAGISTRATE JUDGE**